# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7358 | **DATE** | 6/27/2011 |
| **CASE TITLE** | Ruiz vs. Kinsella, *et al.* | | |

**DOCKET ENTRY TEXT**

Defendants John Kinsella and Sidney Diamond's Amended Motion for Sanctions [100] is granted. Defendants shall provide the Court an accounting of their attorneys' fees and costs incurred in defending themselves against Plaintiffs' § 1985(3) claim within two weeks of the date of this Order. Plaintiffs shall respond with any objections to this accounting within one week of Defendants' filing. Defendants need not reply. The Court will then determine the reasonable monetary sanctions to be imposed against Plaintiffs' counsel.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiffs Jose and Sandra Ruiz ("Plaintiffs") brought a nine-count Second Amended Complaint against multiple defendants, in which they raised five federal claims and four Illinois state law claims. Count II alleged a civil rights conspiracy in violation of 42 U.S.C. § 1985(3). On March 14, 2011, this Court dismissed with prejudice all federal claims in Plaintiffs' Second Amended Complaint, and declined to exercise supplemental jurisdiction over Plaintiffs' state law claims.

    Defendants John Kinsella and Sidney Diamond now allege that Plaintiffs and their counsel violated Federal Rules of Civil Procedure Rule 11(b) with regard to their § 1985(3) claim, and have moved for sanctions pursuant to Rule 11(c). The Court previously set forth the facts of this case in the March 14 Opinion and Order on Defendants' Motions to Dismiss, and will not repeat them here. Relevant to the Motion currently before the Court, Kinsella and Diamond twice provided Plaintiffs written notice of their intent to file a Rule 11 motion for the § 1985(3) claim. They first did so on July 19, 2010, after which Plaintiffs withdrew their First Amended Complaint. On October 22, 2010, after Plaintiffs filed a Second Amended Complaint that maintained the § 1985(3) claim, Kinsella and Diamond provided Plaintiffs with another notice of their intent to file a Rule 11 sanctions motion, along with a copy of the motion. Kinsella and Diamond did not file their Rule 11 Motion prior to the Court's ruling on the Motions to Dismiss. Rather, they waited until March 29, 2011—more than two weeks after the Court entered final judgment in this case—to file their Motion. They subsequently filed an Amended Motion for Sanctions on March 31, 2011.

    Plaintiffs argue that Defendants' Motion is untimely. Generally, a Rule 11 sanctions motion must be filed within 90 days from entry of final judgment. *See Sullivan v. Hunt*, 350 F.3d 664, 666 (7th Cir. 2003). Situations exist, however, in which a sanctions motion filed within this 90-day period would be untimely if it is not brought within a reasonable time frame "dictated by the specific facts and circumstances" of the case. *Kaplan v. Zenner,* 956 F.2d 149, 152 (7th Cir. 1992). As such, a sanctions motion should be filed "as soon as practicable after discovery of a Rule 11 violation." *Id*. at 151.

    Here, Kinsella and Diamond provided notice to Plaintiffs on October 22, 2010, of their intent to file a

Rule 11 motion if Plaintiffs did not withdraw their § 1985(3) claim. They then waited more than five months to file their Motion. This delay, however, is practicable in this case. In late 2010, Defendants were busy defending themselves against Plaintiffs' allegations, and preparing their Motion to Dismiss. As this Motion was being briefed, they could have withheld filing their sanctions Motion in anticipation of Plaintiffs eventually dropping their § 1985(3) claim. Further, the sanctions Motion does not allege that the Second Amended Complaint contained false factual allegations. Rather, it alleges that Plaintiffs had no factual basis for their § 1985(3) claim. If Plaintiffs filed their sanctions Motion prior to the Court's ruling on the Motions to Dismiss, the sanctions Motion would have required a nearly duplicate legal analysis of the merits of Plaintiffs' § 1985(3) claim as that in the dismissal analysis. As such, waiting until shortly after the entry of final judgment to file their sanctions Motion did not provide Kinsella or Diamond any factual or procedural advantage, and is therefore timely. *See id*. at 152.

Moving to the merits of Kinsella and Diamond's Motion, a conspiracy under § 1985(3) occurs when "two or more persons . . . conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). The statute does not create a cause of action for a conspiracy to deny due process, which Plaintiffs alleged as part of their claim. *See Jennings v. Nester*, 217 F.2d 153, 154 (7th Cir. 1954). Further, the Fourteenth Amendment privileges and immunities protected by the statute involve those "arising out of the nature and essential character of the national government, and granted or secured by the constitution of the United States." *In re Kemmler*, 136 U.S. 436, 448 (1890). The rights Plaintiffs allege Defendants violated—to be free of mental stress and anguish and protected from financial injuries—are not fundamental rights protected by the privileges and immunities clause. *See Slaughter-House Cases*, 83 U.S. 36, 78–79 (1872).

In the Opinion addressing Defendants' Motions to Dismiss, the Court stated that even reading Plaintiffs' Second Amended Complaint liberally so that it alleges a conspiracy to deny Plaintiffs of their equal protection rights, the Complaint does not allege the type of "invidiously discriminatory" racial or class-based animus required for a § 1985(3) conspiracy. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Plaintiffs present the same argument opposing this sanctions Motion as they did in arguing against the Motions to Dismiss: that their complaint alleges that Defendants engaged in their conspiracy due to Plaintiffs' race, Hispanic. This allegation, however, does not appear in the Complaint, even when liberally construed. The only mention of race in the Complaint appears in a reference to a February 12, 2002, e-mail that Kinsella sent to Thomas Snitzer, which allegedly requests, to quote the Complaint, "that there aren't a disproportionate number of ethnics involved in the first 20 sales" in the Bridgeport Village Development ("BVD"). Second Am. Compl. ¶ 39. This e-mail, however, has no relation to the actions Plaintiffs allege comprise the § 1985(3) conspiracy. The Complaint alleges that the conspiracy related to the construction of Plaintiffs' BVD house. The e-mail addresses some sort of racial quota in the initial BVD house sales. Plaintiffs, however, purchased two BVD houses. Regardless of whether a racial quota existed in the BVD, it did not impact Plaintiffs' ability to purchase houses in the development. Moreover, it bears repeating that Plaintiffs' Complaint presents no allegations that race played any role in the alleged conspiracy to conceal structural defects in the BVD houses and to force Plaintiffs to install structural gates to fix the primary defect in their house.

Simply put, no relevant allegations regarding race exist in Plaintiffs' § 1985(3) claim. Kinsella and Diamond twice notified Plaintiffs of this deficiency in their pleadings, and twice Plaintiffs disregarded this notice. Rather, Plaintiffs continued to pursue these claims without any facts to support them. A cursory statutory and case law examination by Plaintiffs' counsel would have quickly revealed that they could not pursue a § 1985(3) claim in this case. It appears as if Plaintiffs and their counsel did not do this, but rather presented frivolous arguments to buttress a nonexistent claim. An obstinate pursuit of a deficient claim is not vigorous advocacy. Rather, Plaintiffs' counsel would have been better advocates for their clients if they had not disregarded Kinsella and Diamond's two notices that spelled out the deficiency of the § 1985(3) claim,

| STATEMENT |
|---|
| and dropped Count II from the Complaint.<br>  Plaintiffs' actions go beyond a reasonable misinterpretation of § 1985(3) and its accompanying case law. Plaintiffs forced Kinsella and Diamond to expend time and resources to defend themselves against this claim, as well as requiring the Court to unnecessarily consume its resources. Plaintiffs' unreasonable litigation tactics violate Rule 11(b), and are sanctionable under Rule 11(c). Pursuant to Rule 11(c)(5)(A), Plaintiffs themselves are not liable for monetary sanctions. However, Plaintiffs' counsel are liable.<br>  Accordingly, Defendants Kinsella and Diamond's Amended Motion for Sanctions is granted. Defendants shall provide the Court an accounting of their attorneys' fees and costs incurred in defending themselves against Plaintiffs' § 1985(3) claim within two weeks of the date of this Order. Plaintiffs shall respond with any objections to this accounting within one week of Defendants' filing. Defendants need not reply. The Court will then determine the reasonable monetary sanctions to be imposed against Plaintiffs' counsel. |